1

```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF KENTUCKY
 2                  NORTHERN DIVISION AT COVINGTON
                               - - -
 3
     STANLEY MARTIN,                 : Docket No. 22-89
 4                                   :
                         Plaintiff,  : Covington, Kentucky
 5                                   : Thursday, June 29, 2023
                                     : 12:15 p.m.
 6   versus                          :
                                     :        Via Electronic Recording
 7   ZEGARY ALLEN, M.D., et al.,     :
                                     :
 8                       Defendants. :

 9                               - - -
             TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE
10                     BEFORE CANDACE J. SMITH
               UNITED STATES MAGISTRATE COURT JUDGE
11                               - - -

12   APPEARANCES:

13   For the United States:      ALAN J. STATMAN, ESQ.
                                 Statman, Harris & Eyrich LLC
14                               35 E. Seventh Street
                                 Cincinnati, Ohio  45202
15

16   For the Defendants:        MARK D. GUILFOYLE, ESQ.
                                 Dressman Benzinger Lavelle PSC
17                               109 E. Fourth Street
                                 Covington, Kentucky  41011
18
                                 MICHAEL J. ENZWEILER, ESQ.
19                               Dressman Benzinger Lavelle PSC
                                 109 E. Fourth Street
20                               Covington, Kentucky  41011

21   Transcriber:               LAUREN I. GOOTEE, RMR, CRR
                                 Official Court Reporter
22                               101 Barr Street
                                 Lexington, KY 40507
23                               (859) 469-7459

24

25        Proceedings recorded digitally, transcript produced by
     computer.
```

2

1          (Proceedings commenced in open court at 12:16 p.m.)

2          THE COURT:  Good afternoon, Counsel.  This is Judge

3     Smith.  We are on the audio record in Covington Civil 22-89,

4     Stanley Martin versus Dr. Allen, et al.

5          Let's have entry of appearances, please, starting with

6     the plaintiff.

7          MR. STATMAN:  Alan Statman on behalf of the

8     plaintiff.

9          THE COURT:  Thank you.

10         And then -- go ahead.  Go ahead.

11         MR. GUILFOYLE:  For the defendant -- for the

12    defendants, Your Honor, it's Mark Guilfoyle.  And in a

13    separate location is my co-counsel Mike Enzweiler, counsel for

14    defendants.  Nick Birkenhauer in my office will not be joining

15    this call.

16         THE COURT:  All right.  Very good.

17         And, Mr. Enzweiler, are you on the line and able to hear

18    okay?

19         MR. ENZWEILER:  I am, Judge.  Thank you.

20         THE COURT:  Okay.  Good, good.

21         All right.  Well, with everyone on the line, then, I had

22    intended on taking up -- I think what I put on the virtual

23    order, I had noted this rescheduling as a motion conference.

24    Actually, I think I had originally scheduled it as a status

25    conference.  We do have motions pending in this case, but the

1    overarching reason why I wanted to speak with all counsel is

2    to get a feel for, frankly, where this case was headed, what

3    actually needed to be addressed vis-a-vis Case Number 23-26,

4    which is also assigned to Judge Bunning, Wiley versus

5    Dr. Allen, et al.

6         So in looking through the file right before our phone

7    conference here, my chambers has alerted me, it looks like,

8    Mr. Statman, earlier today, I think your office had filed in

9    the 22-89 case, the case that was actually scheduled for

10   today, a motion to dismiss.

11        So you're aware that that filing was made?

12        MR. STATMAN:  Yes, I am.  I talked with the client

13   yesterday in anticipation of today, and the client does not

14   want to go forward with the case for a number of family

15   reasons.  I called the opposing counsel, who said they would

16   consider an agreed order, and then they wrote back now talking

17   about they have to consider the ramifications of the dismissal

18   and that I should go forward with my motion.

19        So we filed the motion.  That's really the overriding

20   issue is dismissing the case.  The Wiley case will proceed.

21   Unfortunately, I'm in an empty courtroom.  In an adjoining

22   courtroom, I'm waiting for a jury to return, and I did not

23   bring the Wiley file with me.  But the Martin case, I have

24   moved to dismiss without being able to obtain the consent of

25   the defense.

4

1        I want to just add something while I have the floor,

2    Your Honor.  You will be seeing -- I took your advice and your

3    statements to heart.  You will be seeing two experienced

4    lawyers joining me as co-counsel in the cases that are in your

5    courtroom so that I have additional support due to Dominick's

6    passing and my trial schedule.  As I told you, I have more

7    trials in the month of July, and we exchanged some information

8    from the other day with the defense.

9            THE COURT:  Okay.

10           MR. STATMAN:  But right now the issue is the

11   dismissal, and really I don't have anything to talk about

12   other than the dismissal.

13           THE COURT:  All right.  So it sounds like -- and, of

14   course, I'm happy to hear from Mr. Guilfoyle or Mr. Enzweiler,

15   but it sounds like the defense wishes to file a response to

16   that MTD.  Is that correct?

17           MR. GUILFOYLE:  Your Honor, this is Mark Guilfoyle.

18   You know, that is correct.  I don't want the Court to feel as

19   though we haven't extended courtesy to Mr. Statman in this

20   case.  He's filed motions for extensions of time to respond,

21   and two occasions we did not oppose those motions.  So it's

22   not a matter of being disagreeable.

23       What I did say in an email to Mr. Statman's office this

24   morning at 11:00 a.m. is that we would not be able to

25   stipulate to a dismissal under 41(a)(1) before today's call.

5

1    And I said that plaintiff will need to file a motion for leave

2    to dismiss the case under 41(a)(2), and we will respond

3    accordingly once we have time to fully evaluate the

4    implications of dismissal.

5              THE COURT:  Okay.

6              MR. GUILFOYLE:  So, Your Honor, you kind of beat me

7    to the punch.  We do have the Stella Wiley case, Case Number

8    23-26, pending --

9              THE COURT:  Right.

10             MR. GUILFOYLE:  -- that is virtually identical.

11   Virtually identical.  And, you know, I think we would want to

12   have some time to think about what terms that the Court could

13   impose on dismissal pursuant to 41(a)(2), and we just need a

14   little time to develop those.

15       So we're concerned about the effect on Wiley.  Quite

16   frankly, we're concerned about the effect on the punitive

17   class in this case.  You know, these aren't just Mr. Martin's

18   claims, they're claims brought on behalf of the punitive

19   class.

20       And the other thing I would mention and would want to

21   flesh out a little bit, this is not a case where the plaintiff

22   has engaged in some discovery and has had a chance to

23   reevaluate his position.  In fact, plaintiff has conducted no

24   discovery, written, depositions, nothing.  And so here we are

25   a year after the lawsuit is filed, a couple amended

1    complaints, a third request and amended complaint, and we're

2    just dismissing the case.

3         So, you know, we have to figure out what that means and

4    what we could, you know, offer to the Court.  Obviously, we

5    will not oppose dismissal.  It's a matter of understanding the

6    implications of what that is both with the punitive class in

7    this case and the effect on the class in Wiley.

8         And I would mention, the class definition in the Wiley

9    complaint references Stanley Martin.  And we'll bring that to

10   bear in our response.

11        So that's kind of where we are.  We'll take, you know,

12   our time to file a response, we'll make sure it's done

13   properly, and then we'll, you know, leave it to the Court to

14   determine what, if any, terms must be, you know, imposed on

15   the dismissal.

16                  THE COURT:  Okay.  Okay.

17                  MR. STATMAN:  You know, Judge, it's --

18                  THE COURT:  Hold on just a minute.  Excuse me.  Hold

19   on just a moment.

20        Since we are on the audio record here on telephone call,

21   Mr. Statman, is that you speaking?

22                  MR. STATMAN:  That is correct.

23                  THE COURT:  Okay.

24                  MR. STATMAN:  It was one thing to decide whether as a

25   litigant you as an individual are up to the litigation and

1    being the potential class rep, it's another thing to be a

2    class member if and upon certification.  So I'm really not

3    sure why it is relevant to bring up whether he's mentioned or

4    not.

5         And I would like the record to be clear that I am not

6    accusing counsel of lacking in cooperation one way or another.

7    I believe they're entitled to take whatever positions they

8    want to take, and if they didn't want to enter into a joint

9    stipulation dismissal, I don't have an issue with that.

10   That's why the motion was prepared before the call was even

11   made, because I did have some ability to anticipate the DBL

12   after all of these years of knowing them.

13        So I don't want anybody to think that I'm sitting back

14   saying he's cooperative or uncooperative.  I didn't make any

15   statements to that effect.  You know, we filed the motion and

16   they can respond accordingly.  We'll file a reply and we'll

17   deal with it.

18        THE COURT:  Okay.  No, that's fine.  That's fine.

19   And, you know, just given the nature of this and the Wiley

20   case, I mean, as you all know better than I do, there are

21   other facets, other aspects that are potentially implicated

22   when something is filed as a class action complaint.  So if

23   the parties wish to have time to consider that and then

24   present their filings, I mean, that's certainly fine.

25        Mr. Guilfoyle, what, are you thinking along the lines of

8

1    the 21 days that is provided under the local rule?  Is that

2    the time frame?  Are you going to be able to file something

3    within that time frame?

4              MR. GUILFOYLE:  Absolutely, Your Honor.  That would

5    be our deadline.  It's possible we could do it sooner.  We've

6    got a long weekend intervening here.  But, yes, ma'am, that's

7    the deadline from today.

8              THE COURT:  All right.  That's fine.  That's fine.

9         And then, Mr. Statman, under the local rule, then, after

10   the defendants have considered it and so forth, depending upon

11   what they file, you'll have 14 days from whenever they file

12   their response to the motion then to file any reply.  And even

13   if you don't take issue with what is brought up in the

14   response, I would encourage you to file a reply regardless

15   just to let the Court know what the plaintiff's final position

16   is on the motion to dismiss so that it can be taken under

17   advisement by Judge Bunning, and he'll have each side's

18   position on it, be fully informed about where each side stands

19   when he takes it under consideration then.

20        So we'll just proceed along those lines.  We'll assume

21   that within the local rule provisions there will be a response

22   and a reply filed.  And then at this point, really until that

23   motion to dismiss is addressed and however that shakes out,

24   unless you-all wish to do so, I don't really see much point in

25   discussing the other motions in 22-89 specifically that are

1    currently either pending or -- I think the motion for judgment

2    on the pleadings is in abeyance right now with the motion for

3    leave to file the amended complaint that was filed.  But I'll

4    just leave those on hold.

5              MR. GUILFOYLE:  (Inaudible).

6              THE COURT:  Go ahead.  Who was speaking?

7              MR. GUILFOYLE:  Yeah, that makes sense.

8              THE COURT:  Was that Mr. Guilfoyle?

9              MR. GUILFOYLE:  I apologize.  It is Mr. Guilfoyle.

10   I think it makes great sense.  There's just two pending

11   motions, the motion to file the third amended complaint and

12   our motion, which ended up not being opposed, to extend the

13   deadline.  So, yeah, I think it makes great sense to let

14   everything hang until we can get through the motion to

15   dismiss.

16             THE COURT:  All right.  That's fine.  That's fine.

17   And then we'll just, like I said, see what happens with that.

18             Now, I know I haven't specifically scheduled it for this

19   or notified you-all, formally notified you-all, but the

20   references to the Wiley case, while I do have everyone on the

21   phone, I would like to just confirm, because this status

22   conference was really about the implications of the Wiley case

23   on the pending motions in Doe versus -- what started out as

24   Doe versus Allen Martin versus Allen.

25             So that motion for judgment on the pleadings in the Wiley

1    case, that has been fully briefed, and that is under

2    submission, I believe, with Judge Bunning's chambers.  I think

3    that is the only motion that is pending in that case.  And

4    then I see that he has put on a scheduling order for you-all.

5         So in terms of that case and what may or may not be going

6    on in that case, is it accurate to say that the parties are

7    waiting for the ruling on the motion for judgment on the

8    pleadings before anything further takes place?  You tell me,

9    if you know.  If you're not able to speak to that because you

10   don't have the file, that's fine as well.

11        Mr. Statman.

12        MR. STATMAN:  I really can't comment on it right this

13   second.  There are things going on interoffice in terms of

14   next steps, but I'm not saying that we're ready to move

15   forward until that decision comes out.

16        THE COURT:  Okay.  That's fine.  And I do see under

17   the scheduling order, I think the next deadline that's due to

18   come up is not until, it looks like, December.  The fact

19   discovery deadline is in December.

20        MR. STATMAN:  Right.

21        THE COURT:  Okay.

22        MR. GUILFOYLE:  Your Honor, this is Mark Guilfoyle.

23   I think you've stated now that we're just waiting for that

24   dispositive motion.  We haven't really got into discovery yet.

25   Just kind of waiting to understand what the parameters of the

1    case are.  But, yes.  So once we have that decision, then I

2    think both parties would be in a position to get going on

3    discovery.

4            THE COURT:  All right.  That's fine.  That is fine.

5        Now, before we close here, just a couple of housekeeping

6    matters then.

7        So, Mr. Statman, I'm pleased to hear that it sounds like

8    there's going to be an entry of appearance, then, by a couple

9    of other folks with respect to maybe one or more cases, the

10   Wiley case and perhaps the case we had the conference on the

11   other day.

12       So what's the time frame on that?  When do you expect

13   that that will occur?

14           MR. STATMAN:  Within days.

15           THE COURT:  All right.  Well, that is helpful.

16       And then, I was just looking at the docket sheet on the

17   Wiley case, because it looks like you are the only one who is

18   noted on that.

19       Now, depending on what happens with the motion to dismiss

20   in Mr. Martin's case -- I do note Mr. Romeo is on the docket

21   in this case, and so given his unfortunate demise here, are

22   you moving or orally moving to go ahead and have Mr. Romeo

23   term'd from the docket as listed in this case?

24           MR. STATMAN:  Sure, I'll make that oral motion right

25   now --

1          THE COURT:  Okay.

2          MR. STATMAN:  -- that in light of his passing, he

3    should be removed from the docket.

4          THE COURT:  Okay.  And then I can't recall, but while

5    we are on the subject of counsel of record -- I can

6    double-check real quickly here.  In one of these cases -- it

7    may not have been this one because Mr. Romeo was noted as

8    co-counsel of record -- I did notice on the complaint or

9    amended complaint, there is a reference to "of counsel," and I

10   think it lists, depending on which document I'm looking at --

11   let's see here.  I'm looking at the amended complaint in

12   Stanley Martin, and it looks like for that one -- is it just

13   you that is noted on that?  Oh, that was Mr. Romeo.

14        You entered an appearance afterward.  I do recall that

15   now.  All right.

16        It must have been in the Wiley case, because I did note

17   there is a listing -- just so you know, Mr. Statman, there is

18   a listing of counsel, and then I think it has, like, Deters

19   Law too or something like that with care of somebody else.

20        The way we work it --

21          MR. STATMAN:  (Inaudible).

22          THE COURT:  Go ahead.

23          MR. STATMAN:  No, I'll let you finish.

24          THE COURT:  Well, the way we work it here in the

25   Eastern District, just so you know -- it has nothing to do

1   with you specifically -- we do not allow law firms to be just

2   noted in general as counsel of record.  Under our local rules,

3   it does have to be a specific attorney, simply because -- and

4   I don't think we even have of counsel, actually, under our

5   local rules.

6           MR. STATMAN:  I'm that attorney.

7           THE COURT:  What's that?

8           MR. STATMAN:  I am that attorney.  And it's

9   actually -- that law firm has been sold and is now known as

10  the Drake Law Firm, which I am of counsel to.

11          THE COURT:  Okay.

12          MR. STATMAN:  And that's not a designation of that

13  law firm as counsel, that's just an additional designation of

14  me.  And that was really just to make sure that two different

15  addresses were getting notices.

16          THE COURT:  Got you.  Okay.  That's fine.  But

17  especially if there were going to be a couple of other folks

18  entering an appearance here shortly, soon, I just wanted to

19  give you a heads-up about that because I wasn't sure how that

20  would be structured.  They would need to be, you know,

21  specific individuals that are entering an appearance as

22  counsel.

23          MR. STATMAN:  They are specific individuals from

24  firms other than mine.

25          THE COURT:  Got you.  All right.  That will work.

14

1    That will work.

2         Well, gentlemen, I do appreciate your time today.  We'll

3    wait to see about the response to the motion to dismiss and

4    then the reply filing as well.  And I'll put on a minute entry

5    from our conference today.

6         I do want to make sure, though, is there anything further

7    on the Martin matter that either side would like to take up

8    for today?

9         Mr. Statman?

10         MR. STATMAN:  No, nothing.  Thank you.

11         THE COURT:  And how about you, Mr. Guilfoyle?

12         MR. GUILFOYLE:  Nothing, Your Honor.  Thanks for

13    taking time during your lunch hour to accommodate us on this.

14    We appreciate it.

15         THE COURT:  No problem at all.  All right.

16         Well, thank you-all very much.  Enjoy the rest of your

17    afternoon, and have a nice holiday.  Thank you.

18         MR. STATMAN:  Thank you, Judge.

19         MR. GUILFOYLE:  Thank you, Judge.

20         (Proceedings concluded at 12:38 p.m.)

21                        -  -  -

22

23

24

25

C E R T I F I C A T E.

       I, LAUREN I. GOOTEE, RMR, CRR, certify that the foregoing is a correct transcript from the electronic recording proceedings in the above-entitled matter, transcribed to the best of my ability to hear and understand said recording.


\_\s\ Lauren I. Gootee          January 19, 2024
LAUREN I. GOOTEE, RMR, CRR      Date of Certification
Official Court Reporter